No. 24-3140

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

GEORGE MELVIN CANNON,

APPELLANT,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

APPELLEE.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION

BEFORE THE HONORABLE ROSEANN A. KETCHMARK,
U.S. DISTRICT JUDGE

# BRIEF FOR APPELLEE

TERESA A. MOORE
UNITED STATES ATTORNEY

JEFFREY P. RAY
FIRST ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION

UNITED STATES ATTORNEY'S OFFICE FOR
THE WESTERN DISTRICT OF MISSOURI

CHARLES E. WHITTAKER COURTHOUSE
400 EAST NINTH STREET, SUITE 5510
KANSAS CITY, MO 64106-2149

**ATTORNEYS FOR APPELLEE**

# I. Summary of the case

*Pro se* appellant herein and plaintiff below, George Melvin Cannon ("Cannon"), seeks damages of $20 million based on allegations that, between 1993 and 2013, Army medical records for Cannon were "seized" and "concealed" by various employees of the United States Department of Justice (DOJ"), appellee herein and defendant below. The district court below,[1] in an unreported decision, granted DOJ's motion to dismiss for lack of jurisdiction or, alternatively, for failure to state a claim. The district court found that Cannon had failed to plead or establish a waiver of the federal government's sovereign immunity and had failed to state a claim against DOJ under any valid legal basis. Cannon appeals the final judgment entered following the district court's order.

This appeal does not present unusual or novel issues regarding the application of federal sovereign immunity and/or the requirement that pleadings must state plausible and viable causes of action to survive motions to dismiss. Moreover, this appeal does not involve a substantive matter of first impression in this Circuit, nor raise significant legal matters wherein there is a split of authority among the federal Circuits. As such, DOJ is prepared to waive oral argument from the parties.

---

[1] The Honorable Roseann A. Ketchmark, U.S. District Judge, United States District Court for the Western District of Missouri.

i

# II. Table of contents

Page

I.  Summary of the case ................................................................. i

II.  Table of contents ................................................................. ii

III.  Table of authorities ...............................................................

    A.  Cases ............................................................................

    B.  Statutes and other authorities..........................................

IV.  Jurisdictional statement ........................................................ 1

V.  Statement of the issues ......................................................... 3

VI.  Statement of the case ........................................................... 5

    A.  Facts ............................................................................ 5

    B.  Procedural history and relevant rulings ............................ 9

VII.  Summary of the argument ................................................... 11

VIII.  Argument ........................................................................ 12

    A.  Standard of appellate review for grants of Rule 12 motions
        to dismiss .................................................................. 12

    B.  The district court ruled properly and did not err in granting
        DOJ's motion to dismiss............................................. 14

        1.  Cannon failed to state a cognizable claim under 42 U.S.C.
            §§ 1985(1), (3), 1986 in that, among other reasons, a
            federal government agency cannot conspire with itself......... 15

Appellate Case: 24-3140    Page: 3    Date Filed: 01/16/2025 Entry ID: 5475564

## II.   Table of contents
### (*continued*)

2.   Cannon failed to assert a viable claim under FOIA................19

3.   There is no private right of action for alleged violations of 18 U.S.C. § 242, 5 C.F.R. Part 2635, and/or 5 C.F.R. § 735.203.........................................................................21

4.   Cannon may not pursue a Section 1983 claim against a federal agency ..................................................................24

5.   Cannon has not satisfied the prerequisites for pursuing a claim under the FTCA. ....................................................26

IX.   Conclusion..........................................................................28

X.   Certificate of compliance....................................................30

XI.   Certification of electronic filing of the BRIEF FOR APPELLEE ....................31

XII.   Certification of mailing of paper copies of the BRIEF FOR APPELLEE ........32

Addendum ..........................................................................33

ORDER [R.Doc. 26], *Cannon v. U.S. Dept. of Justice* ..........................AD1

Appellate Case: 24-3140     Page: 4     Date Filed: 01/16/2025 Entry ID: 5475564

# III. Table of authorities

## A. Cases

*A.M.L. by & through Losie v. United States*, 61 F.4th 561 (8th Cir. 2023)...........12

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) ..................................13

*Atkins v. Vilt*, 2021 WL 2021125, slip op. (W.D. Ky. May 20, 2021) ............3, 23

*Baker v. Chisom*, 501 F.3d 920 (8th Cir. 2007) ......................................16 n.15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) ..............13

*Benton v. Burns*, 2017 WL 491251, slip op. (D. Md. Feb. 7, 2017) ..............3, 23

*Cannon v. Univ. of Chicago*, 441 U.S. 677, 99 S.Ct. 1946 (1979) ...................22

*Carthron v. Morrison*, 372 Fed. Appx. 690 (8th Cir. 2010) ........................3, 19

*Cok v. Cosentino*, 876 F.2d 1 (1st Cir. 1989) .................................................22

*Colbert v. United States*, 617 Fed. Appx. 981 (Fed. Cir. 2015) ...............12 n.11

*Crain v. Crain*, 72 F.4th 269 (8th Cir. 2023) .........................................12 n.11

*Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956 (1953) ...........................27

*Doe v. United States*, 58 F.4th 955 (8th Cir. 2023) .........................................12

*Dotson v. Griesa*, 398 F.3d 156 (2d Cir. 2005) ..............................................25

*Elnashar v. U.S. Dept. of Just.*, 446 F.3d 792 (8th Cir. 2006) ..................20 n.16

*Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007) .........................12 n.11

*Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976) ..............................12 n.11

*Federer v. Gephardt*, 363 F.3d 754 (8th Cir. 2004)....................................3, 18

Appellate Case: 24-3140    Page: 5    Date Filed: 01/16/2025 Entry ID: 5475564

# A. Cases
## (*continued*)

*Gap, Inc. v. GK Dev., Inc.*, 843 F.3d 744 (8th Cir. 2016) ........................ 25 n.17

*Glick v. W. Power Sports, Inc.*, 944 F.3d 714 (8th Cir. 2019) ................... 13 n.12

*Herrmann v. Moore*, 576 F.2d 453 (2d Cir. 1978) ........................................... 17

*Hunter v. Schopmeyer*, 850 Fed. Appx. 311 (5th Cir. 2021) ............................. 22

*In re DOJ*, 999 F.2d 1302 (8th Cir. 1993) (*en banc*) ....................................... 19

*Jacam Chem. Co. 2013, LLC v. Shepard*, 101 F.4th 954
    (8th Cir. 2024) ........................................................................ 15 n.14

*Jensen v. Henderson,* 315 F.3d 854 (8th Cir. 2002) ........................................ 19

*Johnson v. City of Shorewood, Minn.*, 360 F.3d 810 (8th Cir. 2004) ............. 3, 21

*Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099 (1985) .................... 16 n.15

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,
    114 S.Ct. 1673 (1994) ............................................................. 12 n.11

*Kubin v. Abode Servs. Agency*, 2018 WL 776355, slip op.
    (N.D. Cal. Feb. 8, 2018) ...................................................................... 23

*Kush v. Rutledge*, 460 U.S. 719, 724, 103 S.Ct. 1483 (1983) ........................... 16

*Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698 (1981) ............................. 27

*Madel v. U.S. Dept. of Just.*, 784 F.3d 448 (8th Cir. 2015) .............................. 19

*McDonnell v. United States*, 4 F.3d 1227 (3d Cir. 1993) ................................. 20

*McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980 (1993) ..................... 4, 28

*Mehrkens v. Blank*, 556 F.3d 865 (8th Cir. 2009) ........................................ 4, 25

Appellate Case: 24-3140    Page: 6    Date Filed: 01/16/2025 Entry ID: 5475564

## A. Cases
## (*continued*)

*Midyett v. Levy*, 2014 WL 10093060, slip op. (W.D. Ark. Nov. 25, 2014),
   *report and recommendation adopted*, 2015 WL 4251144
   (W.D. Ark. July 13, 2015) ................................................................ 23

*Moon v. Fed. Bureau of Prisons*, 642 Fed. Appx. 651
   (8th Cir. 2016) ..................................................................... 3, 20 n.16

*Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338
   (9th Cir. 1997) ................................................................................. 25

*Olmsted Med. Ctr. v. Cont'l Cas. Co.*, 65 F.4th 1005 (8th Cir. 2023) ............... 13

*Perry v. Precythe*, 121 F.4th 711 (8th Cir. 2024) ................................. 25 n.17

*Pflum v. United States*, 2017 WL 4771172, slip op.
   (W.D. Mo. Aug. 11, 2017) ............................................................... 18

*Pondexter v. Sec'y U.S. Dept. of Hous. & Urb. Dev.*, 788 Fed. Appx. 93
   (3d Cir. 2019) .................................................................................. 21

*Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114
   (D.C. Cir. 2017) ........................................................................... 3, 20

*Reep v. United States Dept. of Just.*, 2018 WL 6721099, slip op.
   (D.C. Cir. Dec. 18, 2018) ................................................................. 20

*Rivera v. Bank of Am., N.A.*, 993 F.3d 1046 (8th Cir. 2021) ........................... 13

*Roum v. Bush*, 461 F.Supp.2d 40 (D.D.C. 2006) ................................... 17-18

*Runs After v. United States*, 766 F.2d 347 (8th Cir. 1985) ......................... 3, 17

*Sandknop v. Missouri Dept. of Corr.*, 932 F.3d 739 (8th Cir. 2019) ................. 13

*Shulman v. Zsak*, 485 Fed. Appx. 528 (3d Cir. 2012) ................................... 18

Appellate Case: 24-3140    Page: 7    Date Filed: 01/16/2025 Entry ID: 5475564

## A. Cases
## (*continued*)

*Smith v. United States*, 507 U.S. 197, 113 S.Ct. 1178 (1993) .......................... 27

*St. John v. United States*, 240 F.3d 671 (8th Cir. 2001) ................................... 27

*Stone v. Harry*, 364 F.3d 912 (8th Cir. 2004) ........................................ 25 n.17

*United States v. Boone*, 110 F.Supp. 3d 909 (S.D. Iowa 2015) ........................ 22

*United States v. Curry*, 641 Fed. Appx. 607 (7th Cir. 2016) ........................... 20

*United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361 (1990) .......................... 27

*United States v. Wadena*, 152 F.3d 831 (8th Cir. 1998) .............................. 3, 22

*V S Ltd. P'ship v. Dept. of Hous. & Urb. Dev.*, 235 F.3d 1109
      (8th Cir. 2000) ..................................................................... 12

*Wealot v. Brooks*, 865 F.3d 1119 (8th Cir. 2017) ................................... 16 n.15

*Wilson v. CTW Transportation Servs., Inc.*, 74 F.4th 924 (8th Cir. 2023) .......... 12

*Wilson v. United States Dept. of State*, 2024 WL 5286324, slip op.
      (D.C. Cir. Dec. 23, 2024) .......................................................... 22

*Wyatt v. Cole*, 504 U.S. 158, 112 S.Ct. 1827 (1992) ...................................... 24

*Zutz v. Nelson*, 601 F.3d 842 (8th Cir. 2010) ....................................... 4, 24-25

Appellate Case: 24-3140      Page: 8      Date Filed: 01/16/2025 Entry ID: 5475564

## B.   Statutes and other authorities

5 C.F.R. § 735.203...................................................................... 10, 14, 21, 23

5 C.F.R. Part 2635 ..................................................................... 10, 14, 21, 23

8TH CIR. R. APP. P. 28A................................ 1 nn.3-4, 30, 31, 32, 32 n20

18 U.S.C. § 241 ........................................................................................ 22

18 U.S.C. § 242 ..................................................................................14, 21-22

28 U.S.C. §§ 1291 ...................................................................................... 2

28 U.S.C. §§ 1294 ...................................................................................... 2

28 U.S.C. § 1331 ........................................................................................ 1

28 U.S.C. § 1346 ....................................................... 1, 10, 14, 28 n.18

28 U.S.C. § 2401 .................................................................4, 20, 28

28 U.S.C. § 2675 ...................................................................... 4, 28

42 U.S.C. § 1983 ............................................................. 14, 16, 24-25

42 U.S.C. § 1985 ..................................................................9, 10, 15-19

42 U.S.C. § 1986 ..................................................................9, 10, 14, 18-19

FED. R. APP. P. 25 .................................................................................... 32

FED. R. APP. P. 28 .................................................................................... 30

FED. R. APP. P. 32 .................................................................................... 30

FED. R. CIV. P. 8 .................................................................... 12 n.11

Appellate Case: 24-3140     Page: 9     Date Filed: 01/16/2025 Entry ID: 5475564

# IV. Jurisdictional statement

Cannon, proceeding *pro se*, initiated this action on September 14, 2023, by filing a COMPLAINT FOR A CIVIL CASE, naming DOJ as defendant. R.Doc. 1, at 2.[3] Subsequently, Cannon filed an AMENDED RESPONSE TO SHOW CAUSE AND MORE DEFINITE STATEMENT which the district court treated as an AMENDED COMPLAINT, the operative pleading herein. R.Doc. 15, at 1-6. Inasmuch as the AMENDED COMPLAINT asserted claims for monetary damages against a federal agency, the district court had ostensible jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346(b)(1).

On May 23, 2024, DOJ filed a motion seeking to have Cannon's case dismissed. R.Doc. 16. Following briefing from the parties, the district court entered an order on September 23, 2024, granting the motion to dismiss. R.Doc. 26, at 1-6; AD1-AD6.[4] The same day, a CLERK'S JUDGMENT was filed. R.Doc. 27.

---

[3] On November 15, 2024, the Court ordered that this appeal would not require appendices but, instead, would "rely on the electronic version of the record" before the district court. Accordingly, references herein to pleadings and orders filed with or by the district court are to the document number as shown on the district court's CM/ECF electronic docket and – pursuant to 8TH CIR. R. APP. P. 28A(j) – are cited as "R.Doc. —."

[4] Cannon's brief with the Court should have included an addendum containing "a copy of the district court . . . opinion and order" at issue. 8TH CIR. R. APP. P. 28A(g)(1)(i). Since no order was included, an addendum is included with this BRIEF FOR APPELLEE containing the district court's dismissal order. Citations to said district court order herein are to the document number as shown on the district court's CM/ECF electronic docket [R.Doc. 26] followed by reference to the addendum page number herein (cited as "AD—").

1

Cannon thereafter filed a *PRO SE* NOTICE OF APPEAL on October 22, 2024. R.Doc. 29. The timely NOTICE OF APPEAL invested this Court with appellate jurisdiction. 28 U.S.C. §§ 1291, 1294(1).

# V. Statement of the issues

**A.** **The district court ruled properly and did not err in dismissing Cannon's claims for a violation of 42 U.S.C. §§ 1985, 1986 inasmuch as a federal agency cannot conspire with itself**

*Runs After v. United States*, 766 F.2d 347 (8th Cir. 1985)

*Federer v. Gephardt*, 363 F.3d 754 (8th Cir. 2004)

*Carthron v. Morrison*, 372 Fed. Appx. 690 (8th Cir. 2010)

**B.** **The district court ruled properly and did not err in dismissing Cannon's claims for a violation of FOIA inasmuch as Cannon never made a FOIA request that was denied by DOJ**

*Moon v. Fed. Bureau of Prisons*, 642 Fed. Appx. 651 (8th Cir. 2016)

*Johnson v. City of Shorewood, Minn.*, 360 F.3d 810 (8th Cir. 2004)

*Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114 (D.C. Cir. 2017)

**C.** **The district court ruled properly and did not err in dismissing Cannon's claims for violations of federal criminal statutes and regulations inasmuch as the subject statutes and regulations did not provide for any private right of action**

*United States v. Wadena*, 152 F.3d 831 (8th Cir. 1998)

*Atkins v. Vilt*, 2021 WL 2021125, slip op. (W.D. Ky. May 20, 2021)

*Benton v. Burns*, 2017 WL 491251, slip op. (D. Md. Feb. 7, 2017)

3

**D.** **Cannon cannot pursue a claim under 42 U.S.C. § 1983 against a federal government agency.**

*Zutz v. Nelson*, 601 F.3d 842 (8th Cir. 2010)

*Mehrkens v. Blank*, 556 F.3d 865 (8th Cir. 2009)

**E.** **The district court ruled properly and did not err in dismissing Cannon's claims that might arose under the FTCA inasmuch as Cannon did not exhaust administrative remedies**

28 U.S.C. § 2401(b)

28 U.S.C. § 2675(a)

*McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980 (1993)

Appellate Case: 24-3140     Page: 13     Date Filed: 01/16/2025 Entry ID: 5475564

# VI. Statement of the case

## A. Facts[5]

In January of 1988, Cannon – then in the United States Army – "injured his left knee while training at Fort Benjamin Harrison, Indiana." R.Doc. 16, at 2. According to Cannon, an Army doctor at Fort Benjamin Harrison thereafter "refused to exempt Cannon from running two miles during physical training" notwithstanding the fact that Cannon had been diagnosed with "an unstable knee and a recommendation of physical therapy by a military doctor in Fort Knox, Kentucky." R.Doc. 16, at 2. Following his knee injury, Cannon – serving as a finance clerk – was transferred by the Army to Europe. R.Doc. 16, at 2. Subsequently, "[w]hile in Europe, Cannon underwent five operations on his knees – three on his left knee and two on his right knee." R.Doc. 16, at 2. After Cannon returned to the United States in January 1993, he received a non-medical discharge from the Army on February 2, 1993. R.Doc. 16, at 2.

---

[5]     Cannon's pleadings before the district court and this Court can be rather non-linear and difficult to comprehend.  Bearing in mind Cannon's *pro se* status, DOJ has attempted to create a logical recitation of the relevant and germane facts of Cannon's case and allegations, relying on a liberal reading of Cannon's original complaint, his AMENDED COMPLAINT, and the factual recitations contained in prior federal court decisions addressing the same issues being raised by Cannon in this litigation. *See*, *e.g.*, *Cannon v. United States*, 4:94-cv-00300-HFS (W.D. Mo. Oct. 7, 1994), *aff'd*, 69 F.3d 541 [Table], 1995 WL 634113, op. at *1 (8th Cir. 1995); *Cannon v. McDonald*, Case No. 18-00971-CV-W-GAF, 2019 WL 13280196 (W.D. Mo. Oct. 1, 2019), *reconsideration denied*, 2019 WL 13280208 (Nov. 4, 2019).

Appellate Case: 24-3140     Page: 14     Date Filed: 01/16/2025 Entry ID: 5475564

On October 1, 1993, Cannon filed an administrative tort claim with the Department of the Army alleging negligent medical treatment by military physicians. R.Doc. 16, at ---. After the Army administratively denied his tort claim, Cannon filed a lawsuit in the United States District Court for the Western District of Missouri, seeking $30 million in damages. R.Doc. 16, at 2. *See also Cannon v. United States*, 4:94-cv-00300-HFS (W.D. Mo. Oct. 7, 1994), *aff'd*, 69 F.3d 541 [Table], 1995 WL 634113, op. at *1 (8th Cir. 1995). However, the district court in the 1993 action[6] dismissed Cannon's lawsuit after determining "that no federal statute provided a basis for subject matter jurisdiction." R.Doc. 16, at 2.[7] On appeal, this Court affirmed the dismissal. R.Doc. 16, at 2.

Fifteen years later, in 2018, Cannon filed a new action lawsuit in the United States District Court for the Western District of Missouri, naming as defendants two Regional Offices of the Department of Veterans Affairs ("VA"), a VA attorney, a former Attorney General, and two former Assistant Attorneys General. R.Doc. 16, at 2. *See also Cannon v. McDonald*, Case No. 18-00971-CV-W-GAF,

---

[6]    The Honorable Howard F. Sachs, now Senior District Judge, United States District Court for the Western District of Missouri.

[7]    Specifically, the district court found that (1) the Federal Torts Claim Act "exempts claims arising in a foreign country," (2) the *Feres* doctrine "bars FTCA claims arising in the course of and incident to military service," and (3) the Military Claims Act "exempts injuries to military personnel that occur as an incident to service and precludes judicial review of the military's denial" claims made under the Act. R.Doc. 16, at 2 n.2.

6

2019 WL 13280196 (W.D. Mo. Oct. 1, 2019), *reconsideration denied*, 2019 WL 13280208 (Nov. 4, 2019). In his 2018 lawsuit, Cannon purported to assert claims under 38 U.S.C. § 1153 as well as the Fourth, Fifth, and Fourteenth Amendments to the Constitution. R.Doc. 16, at 2-3. According to Cannon, the named defendants in his 2018 lawsuit were liable to him for $2.5 million for breaching their respective "clear duty to disclose any prior service information pertaining to [Cannon's] early diagnosed osteoarthritis." R.Doc. 16, at 3. On October 1, 2019, the district court[8] – after broadly construing Cannon's lawsuit to include *Bivens* claims, FTCA/tort claims, Privacy Act claims, ADA claims, and an APA claim – dismissed the 2018 lawsuit for lack of subject matter jurisdiction. R.Doc. 16, at 3.

Nearly four years after the dismissal of 2018 lawsuit, Cannon filed the present action. R.Doc. 1. Cannon's lawsuit sought to assert claims against DOJ based on alleged malfeasance and nonfeasance by "Assistant Attorney[s] General [from] 2018-2024 [and all] Deputy Attorney[s] General [from] 2018-2023]" R.Doc. 16, at 3. According to Cannon, these government officials "executed a scheme" whereby they "knowingly and willfully concealed evidence," including violating the Fourth Amendment by "seizing records." R.Doc. 1. Cannon further "explained" his new claim by alleging:

---

[8]     The Honorable Gary A. Fenner, now Senior District Judge, United States District Court for the Western District of Missouri.

7

> [After Cannon] filed [an] administrative tort [claim] with
> the United States Army in 1993, United States Army tort
> officials contacted [VA] tort officers [and DOJ officials
> who] agreed to violate 28 C.F.R. [§]16.23. [Cannon was]
> injured by [DOJ] knowingly and willfully with[o]ld[ing]
> [Cannon's medical] records.[9] [Cannon ultimately]
> received [the] concealed records in 2014.

R.Doc. 1.

Subsequently, Cannon filed an AMENDED COMPLAINT and provided further information regarding his claim, noting that, beginning in the 1990s, he had "request[ed] all [medical] records under government control." R.Doc. 15, at 4. According to Cannon, he "received [the] records that [had been] withheld by [the] government on October 13, 2013." R.Doc. 15, at 4. Thereafter, Cannon had fruitlessly "reported the unethical conduct" to DOJ. R.Doc. 15, at 4.[10]

---

[9]     Cannon alleges that he needed the medical records to support a disability claim he had made with the VA. R.Doc. 15, at 4.

[10]     In a later pleading before the district court, Cannon's stated:

> Several times over the past 30 Years, [DOJ] failed to
> provide requested documents, provide help that was
> requested as a Federal Employee, and Former Federal
> Employee. [E]ach of [the] individuals [listed in Cannon's
> pleading] had [a] duty of legal obligation.

R.Doc. 18, at 3. Cannon's pleading then proceeded to list several DOJ officials from 1993 to 2023 with whom Cannon supposedly made contact, including four former Attorneys General (Janet Reno, Eric Holder, Loretta Lynch, Merrick Garland), three Deputy Attorneys General (Eric Holder, Rod Rosenstein, Lisa Monaco), and four Assistant Attorneys General (Frank W. Hunger, Stuart Delery, John M. Gore, Kenneth A. Blanco). R.Doc. 18, at 3-4.

Appellate Case: 24-3140     Page: 17     Date Filed: 01/16/2025 Entry ID: 5475564

## B. Procedural history and relevant rulings

On September 14, 2023, Cannon filed his COMPLAINT IN A CIVIL CASE with the district court. R.Doc. 1. On December 1, 2023, in lieu of an answer, DOJ filed a MOTION OF DEFENDANT FOR A MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE, TO DISMISS. R.Doc. 8. On April 19, 2024, the district court essentially granted, in part, DOJ's motion. R.Doc. 14, at 3-4. The district court noted that Cannon had indicated that his complaint was asserting claims "under the Privacy Act, 5 U.S.C. § 552(a) & (d); 42 U.S.C. § 1985(1) & (3), as well as 42 U.S.C. § 1986; and 18 U.S.C. § 1001, in addition to a claim for 'fraud on the court' regarding the dismissal of a prior civil action." R.Doc. 14, at 1. However, in reviewing the original complaint, the district court concluded:

> [Cannon's] complaint is deficient in that the Court lacks subject matter jurisdiction and [Cannon] fails to state a claim under Rule 12(b)(6).

R.Doc. 14, at 2. However, rather than dismiss Cannon's original complaint, the district court determined:

> The court will *sua sponte* grant [Cannon] leave to file an amended complaint addressing [the] pleading deficiencies [identified in the district court's order] and asserting properly stated and supported claims in this case. In doing so, [Cannon] is instructed that an amended complaint will supersede the original complaint in its entirety [and he] must include all claims he wishes to assert in the amended complaint.

R.Doc. 14, at 3-4 (*emphasis added*).

On May 9, 2024, Cannon filed his AMENDED RESPONSE TO SHOW CAUSE AND MORE DEFINITE STATEMENT which the district court and DOJ treated as an amended complaint. R.Doc. 15. Thereafter, DOJ filed a MOTION OF DEFENDANT TO DISMISS PLAINTIFF'S AMENDED COMPLAINT. R.Doc. 16.

Following briefing from the parties, the district court entered an order on September 23, 2024, granting DOJ's motion to dismiss Cannon's lawsuit. R.Doc. 26, at 1-6; AD1-AD6. The district court construed Cannon's Amended Complaint as potentially asserting five legal bases for his claims and with regard to each specific legal bases, the district court found:

(1)     Cannon did not have a cognizable claim under 42 U.S.C. § 1985 because "the United States cannot conspire with itself."

(2)     Cannon did not have a cognizable claim under 42 U.S.C. § 1986 because such a claim required an actionable Section 1985 claim.

(3)     Cannon did not have a cognizable claim under FOIA because he had not sought documents under FOIA, could not recover money damages, and any claim was time-barred.

(4)     Cannon did not have a cognizable claim under 5 C.F.R. Part 2635 or 5 C.F.R. § 735.203 because the regulations "expressly do not provide a private cause of action."

(5)     Cannon did not have a cognizable tort claim under 28 U.S.C. §§ 1346, *et seq.*, because Cannon had not exhausted administrative remedies under the FTCA.

R.Doc. 26, at 5; AD5.

## VII. Summary of the argument

Following issues regarding medical treatment received in the Army in the early 1990s, Cannon has pursued litigation against various federal agencies and employees over the years. In his current litigation, Cannon seeks to sue DOJ, alleging that a series of (unnamed) Attorneys General, Deputy Attorneys General, and Assistant Attorneys General have engaged in a vague and undefined "scheme" to withhold medical records from Cannon (until 2013) and to ignore Cannon's claims of fraud and improper ethical conduct (since 2013). Cannon seeks damages of $20 million from DOJ based on a number of legal theories. However, most of the bases identified and relied upon by Cannon permit an action against DOJ under these facts – i.e., the claims are barred by sovereign immunity. The one legal provision that might permit Cannon to obtain monetary damages from the federal government for the alleged negligent conduct of DOJ officials – the FTCA – is unavailable to Cannon because he has not exhausted administrative remedies.

Appellate Case: 24-3140    Page: 20    Date Filed: 01/16/2025 Entry ID: 5475564

# VIII. Argument

## A. Standard of appellate review for grants of Rule 12 motions to dismiss

This Court reviews a grant of a motion to dismiss for lack of subject matter jurisdiction *de novo*. *Wilson v. CTW Transportation Servs., Inc.*, 74 F.4th 924, 926 (8th Cir. 2023); *A.M.L. by & through Losie v. United States*, 61 F.4th 561, 563 (8th Cir. 2023). To that end, regardless of a litigant's *pro se* standing,[11] "[t]he burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction." *Doe v. United States*, 58 F.4th 955, 958 (8th Cir. 2023). And when litigation is brought against the federal government, this burden includes an affirmative showing of "both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dept. of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

---

[11] Without question, any court "document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976)). *See also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). But "'federal courts are courts of limited jurisdiction' [that] may only exercise that jurisdiction authorized by Congress and by statute." *Crain v. Crain*, 72 F.4th 269, 276 (8th Cir. 2023) (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994)). Thus "[n]o plaintiff, *pro se* or otherwise, may be excused from the burden of meeting [and pleading a federal] court's jurisdictional requirements." *Colbert v. United States*, 617 Fed. Appx. 981, 983 (Fed. Cir. 2015).

Dismissals of claims for a failure to state a cognizable claim against the defendant are likewise reviewed *de novo*. *Olmsted Med. Ctr. v. Cont'l Cas. Co.*, 65 F.4th 1005, 1008 (8th Cir. 2023). In reviewing such dismissals, this Court determines whether the operative pleading contains sufficient factual matter,[12] which, when accepted as true and viewed in the light most favorable to the nonmoving party, states "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1973 (2007). To that end, a claim is plausible on its face only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). Ultimately, "[t]he plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Again, *pro se* pleadings examined under Rule 12(b)(6) are required to be afforded liberal construction. *Rivera v. Bank of Am., N.A.*, 993 F.3d 1046, 1050 (8th Cir. 2021). Nonetheless, even a *pro se* complaint "must allege sufficient facts to support the claims advanced" to survive appellate scrutiny under Rule 12(b)(6). *Sandknop v. Missouri Dept. of Corr.*, 932 F.3d 739, 742 (8th Cir. 2019).

---

[12] Only "factual allegations" in a complaint are accepted as true. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). Thus, the Court does "not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Id.*

13

**B.    The district court ruled properly and did not err in granting DOJ's motion to dismiss.**

In construing Cannon's AMENDED COMPLAINT, the district court and DOJ determined that Cannon's amended pleading was purporting to assert claims under:

(1)    42 U.S.C. § 1985(1), (3),

(2)    42 U.S.C. § 1986,

(3)    the Freedom of Information Act ("FOIA") [5 U.S.C. § 552],

(4)    5 C.F.R. Part 14,  and 5 C.F.R. 735.203, and

(5)    the Federal Tort Claims Act ("FTCA") [28 U.S.C. §§ 1346, *et seq*.].

Cannon did not object to the district court's characterization of his claims.[13]  In his briefing with this Court, Cannon seemingly also now includes arguments that he is pursuing claims under 18 U.S.C. § 242 and 42 U.S.C. § 1983.  In light of Cannon's *pro se* status, DOJ will address herein all seven of these alleged legal bases.

---

[13]    In one post-AMENDED COMPLAINT, however, Cannon does make the confusing claim that:

> Plaintiff is not seeking Tort Claim, Plaintiff is seeking damages, had the Department of Justice provided requested documents, had any of the Department of Justice Attorney Generals, Assistant Attorney General's listed responded and or investigated the concealment of Medical Records on my behalf. Therefore, a Breach of Duty was established.

R.Doc. 18, at 5.

### 1. Cannon failed to state a cognizable claim under 42 U.S.C. §§ 1985(1), (3), 1986 in that, among other reasons, a federal government agency cannot conspire with itself.

In his AMENDED COMPLAINT, Cannon – without elaboration – alleges that due to an agreement, DOJ "beg[a]n an Illegal Scheme . . . under 42 United States Code 1985 (1) (3) [to] conceal evidence knowingly and willfully from [Cannon]." R.Doc. 15, at 4. In its dismissal order, the district court concluded that Cannon's claim was legally deficient inasmuch as "the United States cannot conspire with itself." R.Doc. 26, at 5; AD5. As explained herein, the district court's ruling was correct – both for the reason stated by the district court and for the other alternative arguments raised by DOJ and supported by the record.[14]

Section 1985 was enacted during the post-Civil War era and "outlaw[s] five broad classes of conspiratorial activity," to wit:

(1) conspiracies to interfere with the performance of official duties by federal officers (§ 1985(1));

(2) conspiracies to interfere with the administration of justice in federal courts (first clause of § 1985(2));

(3) conspiracies to interfere with the administration of justice in state courts (second clause of § 1985(2));

---

[14] This Court has the "power to affirm the judgment below on any ground supported by the record, whether or not raised or relied on in the District Court." *Jacam Chem. Co. 2013, LLC v. Shepard*, 101 F.4th 954, 969 (8th Cir. 2024).

15

(4)      private conspiracies to deny any person the enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws" (first clause of § 1985(3)); and

(5)      conspiracies to interfere with the right to support candidates in federal elections (second clause of § 1985(3)).

*Kush v. Rutledge*, 460 U.S. 719, 724, 103 S.Ct. 1483, 1486 (1983). As noted, in his AMENDED COMPLAINT, Cannon sought to assert claims for "conspiracies to interfere with the performance of official duties by federal officers" and "private conspiracies to deny any person the enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws.'" 42 U.S.C. § 1985(1), (3). Cannon's claims of a Section 1985 conspiracy against DOJ[15] fail for several reasons.

---

[15]    As set out in the AMENDED COMPLAINT, Cannon generally seeks to impose liability and recover damages based on the actions of all "Assistant Attorney[s] General [from 1994-2024]" and all "Deputy Attorney[s] Generals [from 2018-2014]." R.Doc. 15. Cannon's AMENDED COMPLAINT only names DOJ as a defendant and does not identify any particular DAGs or AAGs by name nor state the capacity in which the DAGs and AAGs might be sued. R.Doc. 15, at 1-6. The long-established rule in this Circuit is that when "a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant[s]," the plaintiff's claims must be treated as "only official-capacity claims." *Wealot v. Brooks*, 865 F.3d 1119, 1124 n.4 (8th Cir. 2017); *Baker v. Chisom*, 501 F.3d 920, 923-25 (8th Cir. 2007). As such, Cannon's AMENDED COMPLAINT was properly deemed by the district court – at most – to be against the unnamed DAGs and AAGs in their official capacities. R.Doc. 26, at 4; AD4. Further to that end, the Supreme Court has unambiguously ruled that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985) (*emphasis added*). As a consequence, Cannon's lawsuit was properly treated as an action only against the DOJ.

16

First, Section 1985 conspiracy claims cannot be made against a lone federal agency. The very *sine qua* of a conspiracy is an agreement to act made by two or more persons. However, Cannon's AMENDED COMPLAINT essentially alleges that DOJ conspired with itself to deprive Cannon of records (before 2013) and (after 2013) conspired with itself to not respond to written inquiries from Cannon about the records. As this Court has noted (in a case involving an Indian Tribal Council), such intra-organizational allegations do not state a cognizable claim for a Section 1985 conspiracy.

> [I]ndividual members of the Tribal Council, acting in their official capacity as tribal council members, cannot conspire when they act together with other tribal council members in taking official action on behalf of the Tribal Council. "[T]here is no conspiracy if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of his [or her] employment."

*Runs After v. United States*, 766 F.2d 347, 354 (8th Cir. 1985) (*quoting*, *in part*, *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978)).

Moreover, when Section 1985 conspiracy claims are directed toward federal officials acting in their official capacities, the doctrine of sovereign immunity further bars the claim.

> [Section] 1985 does not waive the federal government's sovereign immunity, so federal employees acting in their official capacities are immune from liability for alleged violations of § 1985.

17

*Roum v. Bush*, 461 F.Supp.2d 40, 46 (D.D.C. 2006). *See also Pflum v. United States*, 2017 WL 4771172, op. at *3 (W.D. Mo. Aug. 11, 2017) ("Section 1985 does not waive the United States' sovereign immunity.").

Finally, Cannon's AMENDED COMPLAINT – even interpreted liberally – failed to plead the elements of a viable Section 1985 conspiracy claim under either sub-section (1) or sub-section (3). *See, e.g., Shulman v. Zsak*, 485 Fed. Appx. 528, 531 (3d Cir. 2012) (claim under Section 1985(1) must establish that plaintiff was a "federal officer" and must "enough facts from which a court could plausibly infer a conspiracy to keep [plaintiff] from discharging his federal duties"); *Federer v. Gephardt*, 363 F.3d 754, 757-58 (8th Cir. 2004) ("To state a claim under the equal protection provisions of the first part of § 1985(3), [a plaintiff must allege] class-based animus.").

Further, inasmuch as the district court properly found that Cannon did not state a cognizable Section 1985 claim, the district court further correctly determined that Cannon's AMENDED COMPLAINT could not state a viable claim under 42 U.S.C. § 1986. In enacting that statute following the Civil War, Congress sought to create a cause of action against:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 . . . are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do so, if such wrongful act be committed.

Appellate Case: 24-3140     Page: 27     Date Filed: 01/16/2025 Entry ID: 5475564

42 U.S.C. § 1986. Thus, as an initial threshold matter, to have a "valid 42 U.S.C. § 1986 claim, [a] plaintiff must have a valid 42 U.S.C. § 1985 claim." *Ion v. Morrison*, 372 Fed. Appx. 690, 691 (8th Cir. 2010); *Jensen v. Henderson,* 315 F.3d 854, 863 (8th Cir. 2002). Because the district court properly found that Cannon had failed to state a viable Section 1985 claim, the district court likewise correctly concluded that Cannon had failed to state a Section 1986 claim. R.Doc. 26, at 5; AD5.

## 2. Cannon failed to assert a viable claim under FOIA.

In his AMENDED COMPLAINT, Cannon additionally alleged that DOJ until 2013 "knowingly and willingly refused to comply with [Cannon's] numerous requests" for his medical records. R.Doc. 15, at 4. Cannon asserted that this refusal "should be viewed as willfully noncomplian[t]" and a "clear violation under Title 5, 552(a), (d) reviewable by the court" under FOIA. R.Doc. 15, at 4. Under FOIA, a federal agency, upon a request for records that is sufficiently specific and made in accordance with published procedures for submitting such requests, "must provide the information unless it determines that a specific exemption applies." *Madel v. U.S. Dept. of Just.*, 784 F.3d 448, 452 (8th Cir. 2015) (*quoting In re DOJ*, 999 F.2d 1302, 1305 (8th Cir. 1993) (*en banc*)). And an aggrieved requester may seek judicial review of an agency's response. 5 U.S.C. § 552(a)(6)(A)(i), (ii).

Appellate Case: 24-3140     Page: 28     Date Filed: 01/16/2025 Entry ID: 5475564

For purposes of standing to seek judicial review under FOIA, the initial key consideration is whether the plaintiff submitted a request <u>pursuant to FOIA</u> that was denied by the agency. *See*, *e.g.*, *Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114, 1117 (D.C. Cir. 2017) (standing to bring a FOIA action in federal court requires both that "the plaintiff made a request of the agency and the agency denied the request"); *McDonnell v. United States*, 4 F.3d 1227, 1260 (3d Cir. 1993) ("Because [plaintiff] has not made any formal requests for documents under the FOIA, he has no standing to challenge the Government's decision to withhold documents."). Cannon – who never made a formal FOIA request to DOJ – lacks standing to assert a FOIA claim against DOJ.[16]

Moreover, Cannon – who allegedly began seeking documents in 1994 before finally receiving them in 2013 – filed his lawsuit well beyond the six-year statute of limitations to bring a FOIA action. *Reep v. United States Dept. of Just.*, 2018 WL 6721099, at *1 (D.C. Cir. Dec. 18, 2018) ("It is 'beyond dispute' that the six-year statute of limitations set forth in 28 U.S.C. § 2401(a) applies to [FOIA] requests."); *United States v. Curry*, 641 Fed. Appx. 607, 610 (7th Cir. 2016).

---

[16]     In addition, inasmuch as Cannon never made any formal FOIA request, he understandably never exhausted administrative remedies under FOIA. *Cf. 20 n.16 v. Fed. Bureau of Prisons*, 642 Fed. Appx. 651, 652 (8th Cir. 2016) ("a litigant must exhaust administrative remedies before bringing a FOIA action in federal court"); *Elnashar v. U.S. Dept. of Just.*, 446 F.3d 792, 796 (8th Cir. 2006) (exhaustion of administrative remedies is prerequisite to bringing FOIA suit).

Appellate Case: 24-3140     Page: 29     Date Filed: 01/16/2025 Entry ID: 5475564

Finally, in his pleadings before the district court as well as his briefing with this Court, Cannon unmistakenly seeks recovery of substantial damages. However, it is axiomatic that FOIA does not allow for the recovery of monetary damages. *See*, *e.g.*, *Pondexter v. Sec'y U.S. Dept. of Hous. & Urb. Dev.*, 788 Fed. Appx. 93, 96 (3d Cir. 2019) (plaintiff's FOIA claim was "deficient" and would be dismissed where plaintiff "sought only money damages, which were not available under FOIA"); *Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 816 (8th Cir. 2004).

In light of the foregoing well-established legal pronouncements, the district court properly found that Cannon could not state a viable FOIA claim against DOJ because, alternatively, (1) Cannon, "[t]o exhaust his administrative remedies before filing suit, . . . must have requested records specifically pursuant to FOIA," (2) Cannon "seeks $20 million, but 'money damages[] are not available under FOIA,'" and (3) "given [Cannon] alleges he received documents in 2013, any applicable statute of limitations bars his claim." R.Doc. 26, at 5; AD5.

### 3. There is no private right of action for alleged violations of 18 U.S.C. § 242, 5 C.F.R. Part 2635, and/or 5 C.F.R. 735.203

At various times before the district court and in his briefing with this Court, Cannon has asserted claims against DOJ based on alleged substantive violations of federal laws and regulations, including specifically: 18 U.S.C. § 242, 5 C.F.R. Part 2635, and 5 C.F.R. 735.203. However:

> [T]he fact that a federal statute [or regulation allegedly] has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.

*Cannon v. Univ. of Chicago*, 441 U.S. 677, 688, 99 S.Ct. 1946, 1953 (1979). In this case, none of the statutory/regulatory bases cited by Cannon provide a private right of action of which Cannon may avail himself.

Like 42 U.S.C. §§ 1985, 1986 (discussed *supra*), "[t]he history of 18 U.S.C. § 242 can be traced back to Reconstruction following the Civil War." *United States v. Boone*, 110 F.Supp. 3d 909, 916 (S.D. Iowa 2015). Section 242 – codified within the federal government's criminal statutes – "preserves the federal government's power to prosecute violations of citizens' civil rights that occur under color of law." *Id.* And, like nearly all federal criminal statutes, Section 242 does not provide a private party with a right of action. See, e.g., *Wilson v. United States Dept. of State*, 2024 WL 5286324, op. at *1 (D.C. Cir. Dec. 23, 2024) ("no private right of action exists under 18 U.S.C. § 242"); *Hunter v. Schopmeyer*, 850 Fed. Appx. 311, 312 (5th Cir. 2021) (plaintiff's "claims asserting violations of 18 U.S.C. §§ 241 and 242 were not cognizable because those criminal statutes did not create a private right of action"). *See also United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242. These statutes do not give rise to a civil action for damages." (*quoting Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)).

22

Certain standards for the ethical conduct of Executive Branch employees are set forth in federal regulations at 5 C.F.R. §§ 2635.101 to 23.603. Similarly, federal regulations also provide that:

> An employee shall not engage in criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct, or other conduct prejudicial to the Government.

5 C.F.R. § 735.203. In his AMENDED COMPLAINT, Cannon sought to impose liability on DOJ under these regulations. R.Doc. 15, at 4. However, federal courts have found that these specific provisions <u>do not support a private right of action</u> and do not allow a plaintiff to seek a recovery of monetary damages against the federal government. *See*, *e.g.*, *Atkins v. Vilt*, 2021 WL 2021125, op. at *4 (W.D. Ky. May 20, 2021) ("[T]here is no private right of action to enforce or obtain relief for any violation of these ethical standards [found in 5 C.F.R. Part 2635]."); *Kubin v. Abode Servs. Agency*, 2018 WL 776355, op. at *4 (N.D. Cal. Feb. 8, 2018) (same); *Benton v. Burns*, 2017 WL 491251, op. at *5 n. 8 (D. Md. Feb. 7, 2017) (no private right of action for an alleged violation of Section 735.203); *Midyett v. Levy*, 2014 WL 10093060, op. at *7 (W.D. Ark. Nov. 25, 2014), *report and recommendation adopted*, 2015 WL 4251144 (W.D. Ark. July 13, 2015) (same).

Based on such unanimous precedent, the district court properly concluded that Cannon could not pursue damages against DOJ for violations of federal statutes or regulations.

Appellate Case: 24-3140     Page: 32     Date Filed: 01/16/2025 Entry ID: 5475564

**4.     Cannon may not pursue a Section 1983 claim against a federal agency.**

In his appellate briefing with the Court, Cannon cites to 42 U.S.C. § 1983 several times, suggesting that he may seek redress from DOJ under this statutory provision. Cannon is mistaken. This landmark civil rights statute provides:

> Every person who, <u>under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia</u>, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (*emphasis added*).

Section 1983 was enacted in the post-Civil War era with the straightforward purpose:

> to deter <u>state actors</u> from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

*Wyatt v. Cole*, 504 U.S. 158, 162, 112 S.Ct. 1827, 1830 (1992) (*emphasis added*). Simply put, Section 1983 was enacted as a federal court mechanism for protecting the constitutional rights of citizens from abuses by state and local governmental authorities. Section 1983 was never intended to apply, and does not apply, to the actions of the federal government or its employees. *See*, *e.g.*, *Zutz v. Nelson*, 601

24

F.3d 842, 852 (8th Cir. 2010) ("Section 1983 applies only to persons acting under 'color of state or territorial law;' it 'does not authorize redress against federal agencies or officials who were acting under federal law.'"); *Mehrkens v. Blank*, 556 F.3d 865, 870 (8th Cir. 2009).

This interpretation of Section 1983 is not limited to this Court but is well-settled law in every jurisdiction because "[federal courts have] long construed the phrase 'under color of state law' as used in related civil rights statutes, notably 42 U.S.C. § 1983, to apply only to state actors, not federal officials." *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005). As plainly noted by one court:

> Lest there be any continuing confusion, we take this opportunity to remind the Bar that by its very terms, § 1983 precludes liability in federal government actors [inasmuch as] no State action is implicated.

*Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997).

Consequently, even if Cannon had actively pursued his Section 1983 claim before the district court, his case would still have been subject to a dismissal. His eleventh-hour effort to invoke the statute before this Court[17] does not warrant a remand.

---

[17]    It is well-settled that "[o]rdinarily, this Court will not consider an argument raised for the first time on appeal." *Perry v. Precythe*, 121 F.4th 711, 716 (8th Cir. 2024) (*quoting Gap, Inc. v. GK Dev., Inc.*, 843 F.3d 744, 748 (8th Cir. 2016)); *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (declining to consider *pro se* appellant's allegations, arguments, or claims not raised before the district court).

**5.      Cannon has not satisfied the prerequisites for pursuing a claim under the FTCA.**

Before the district court, Cannon asserted that he was not attempting to make a claim under the FTCA, insisting that DOJ was "under [the] False Impression that this is Tort Claim." R.Doc. 15, at 4. However, in his AMENDED COMPLAINT, Cannon affirmatively asserted:

> [He was] seeking twenty (20) million dollars in damages from Department of Justice, Assistant Attorney General and Deputy Attorney General for knowingly and willfully withholding support resulting in injury claim with the United States Army, than a disability claim with Veterans Administration being denied and much needed medical treatments not being provided because the documentation needed to prove history of medical condition is the result of an incurable illness that's details are locked and hidden away in medical records.

R.Doc. 15, at 4. The nature of the tort-based allegation made by Cannon and the type of broad compensatory damages sought by Cannon in his AMENDED COMPLAINT are recoverable, if at all, from the federal government only under the FTCA. As a result, given Cannon's *pro se* litigation status, the district court considered – but ultimately rejected – the viability of any potential FTCA claim on behalf of Cannon. R.Doc. 26, at 5; AD5. The conclusion reached by the district court was mandated by long-settled precedent and was entirely proper.

It is an axiomatic aspect of American jurisprudence that the United States, its agencies, and it employees are largely immune from suit unless Congress has waived sovereign immunity and consented for the government to be sued. *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368 (1990). As a consequence, the sovereign immunity of the United States has historically prevented those injured by the supposed negligent acts of federal employees from obtaining redress through lawsuits. *Dalehite v. United States*, 346 U.S. 15, 24-25, 73 S.Ct. 956, 962 (1953). In 1946, however, the FTCA was enacted and now acts as a <u>limited</u> waiver of sovereign immunity with respect to <u>some</u> state law tort claims against the federal government. *Smith v. United States*, 507 U.S. 197, 199, 113 S.Ct. 1178, 1180 (1993). However, in order for the FTCA to act as an <u>effective</u> waiver of sovereign in any particular case, several pre-conditions must be satisfied.

As noted, in ratifying the FTCA, Congress enacted only "a <u>limited</u> waiver of sovereign immunity." *St. John v. United States*, 240 F.3d 671, 676 (8th Cir. 2001) (*emphasis added*). And the "limitations and conditions upon which the government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 2702 (1981). Thus, to avail himself of the FTCA's limited waiver of sovereign immunity, And Cannon would have had to have satisfied all of the prerequisites for filing an action under the FTCA.

27

As properly found by the district court,[18] Cannon could not meet the most basic prerequisite of such an action – exhaustion of administrative remedies. A well-settled aspect of FTCA jurisprudence is a requirement that claimants timely file written administrative claims with the federal agency employing the persons whose acts or omissions caused the alleged injury. 28 U.S.C. §§ 2401(b), 2675(a). However, in this case, Cannon did not file – and did not plead that he had filed – any written administrative tort claim with DOJ.  As a consequence, Cannon failed to state a cognizable FTCA case against the United States and Wilbon's assorted "negligence" claims, as a consequence, were properly dismissed.  *Cf. McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980 (1993).

## IX.  Conclusion

For the reasons set out herein,  appellee the United States Department of Justice respectfully requests that the Court affirm the final judgment of the district court that was entered on the bases of its prior entry of an order dismissing the claims against DOJ for lack of subject matter jurisdiction and/or for failure to state a cognizable claim.

---

[18]    To the extent Plaintiff's allegations fall within the Federal Tort Claims Act, 28 U.S.C. §§ 1346, et seq., Plaintiff's allegations do not show he has exhausted his administrative remedies.

R.Doc. 26, at 5; AD5.

Appellate Case: 24-3140     Page: 37     Date Filed: 01/16/2025 Entry ID: 5475564

Respectfully submitted,

Teresa A. Moore
United States Attorney

By    */s/ Jeffrey P. Ray*

Jeffrey P. Ray
First Assistant United States Attorney
Chief, Civil Division
Missouri Bar No. 35632
Eighth Circuit Admission No. 95-0380

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
(816) 426-3130
FAX: (816) 426-3165
Jeffrey.Ray@usdoj.gov

ATTORNEYS FOR APPELLEE THE
UNITED STATES DEPARTMENT OF
JUSTICE

29

# X.  Certificate of compliance

Pursuant to 8TH CIR. R. APP. P. 28A(h)(1)-(3), and FED. R. APP. P. 28(a)(10), 32(a)(5)(a), 32(a)(7)(B)(i), 32(g)(1), the undersigned hereby certifies that the forgoing BRIEF FOR APPELLEE complies with the Court's technical requirements for electronic versions of appellate briefs, including complying with the applicable type-volume limitation in that:

The BRIEF FOR APPELLEE was prepared utilizing the Word application on Microsoft Office 365 software,

The electronic version of the BRIEF FOR APPELLEE is in a single document file, has been scanned for viruses and is virus-free, is in Portable Document Format (".*pdf*") and has been converted to .*pdf* document from the original Word file using Adobe Acrobat Pro DC software,

The BRIEF FOR APPELLEE contains 6,645 words[19] as verified with the Word application on Microsoft Office 365 software, and

The BRIEF FOR APPELLEE was prepared utilizing 14-point or larger proportionally spaced "Times New Roman" typeface.

*/s/ Jeffrey P. Ray*
Jeffrey P. Ray
First Assistant United States Attorney

---

[19]     The word count excludes the corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, and certifications of counsel.  FED. R. APP. P. 32(f).

Appellate Case: 24-3140     Page: 39     Date Filed: 01/16/2025 Entry ID: 5475564

## XI. Certification of electronic filing of the BRIEF FOR APPELLEE

Pursuant to 8TH CIR. R. APP. P. 28A(a), the undersigned hereby certifies an electronic version of the foregoing BRIEF FOR APPELLEE was filed with Clerk of the Court using the Court's CM/ECF system on this 16th day of January, 2025.

*/s/ Jeffrey P. Ray*
Jeffrey P. Ray
First Assistant United States Attorney

Appellate Case: 24-3140    Page: 40    Date Filed: 01/16/2025 Entry ID: 5475564

## XII. Certification of mailing of paper copies of the BRIEF FOR APPELLEE

The undersigned hereby certifies that ten (10) true and correct paper copies the foregoing BRIEF FOR APPELLEE were sent to the office of the Clerk of the Court in compliance with the provisions of FED. R. APP. P. 25(a)(2)(A)(i) and 8TH CIR. R. APP. P. 28A(d), and that one true and correct paper copy of the foregoing BRIEF FOR APPELLEE was placed in the United States first class mail, postage prepaid, addressed to:

George Melvin Cannon Sr.
1018 Johnston Drive
Raymore, Missouri 64083

*PRO SE* APPELLANT

on this _____ day of January, 2025.[20]

_____
Jeffrey P. Ray
First Assistant United States Attorney

---

[20] The mailings of the paper copies of the BRIEF FOR APPELLEE to the appellant and the Clerk of the Court are being completed within five days of the receipt of notice from the Clerk of the Court that the electronic version of the BRIEF FOR APPELLEE has been reviewed and filed. 8TH CIR. R. APP. P. 28A(d).

Appellate Case: 24-3140     Page: 41     Date Filed: 01/16/2025 Entry ID: 5475564

# Addendum

ORDER [R.Doc. 26]
*Cannon v. U.S. Dept. of Justice*, No. 4:23-cv-00639-RK,
slip op. (W.D. Mo. Sept. 23, 2024)

Appellate Case: 24-3140    Page: 42    Date Filed: 01/16/2025 Entry ID: 5475564